```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


ROBERT H. WILSON,
SUE ELLEN OBERG,
AND PAULETTE BELL                                      PLAINTIFFS

VS.                        CIVIL ACTION NO. 5:15-cv-65(DCB)(MTP)

JAMES RICHARDSON                                        DEFENDANT
```

ORDER

This cause is before the Court on the plaintiffs' motion for attorneys' fees and expenses **(docket entry 22)**, to which no response has been filed by the defendant. Having carefully considered the motion, and having carefully considered the arguments of plaintiffs' counsel and the applicable law, the Court finds as follows:

At a settlement conference held on February 24, 2016, before Magistrate Judge Michael T. Parker, the parties agreed to dismissal of this action on condition of payment by defendant Richardson to plaintiffs in the amount of $25,000 within 14 days from entry of the Order of Dismissal. The terms of the Order of Dismissal (incorporating settlement agreement) provide:

> If any party fails to comply with the terms of this settlement agreed to by all parties, any aggrieved party may move to reopen the case for enforcement of the settlement agreement, and if successful, all additional attorneys' fees and costs from this date shall be awarded such aggrieved party or parties against the party failing to comply with the agreement.

Order of Dismissal, p. 1. The Order also recites that "[t]he Court

specifically retains jurisdiction to enforce the settlement agreement."  Order of Dismissal, p. 1.

Mississippi law, which applies in this diversity action, strongly favors "settlement of disputes by agreement of the parties and, ordinarily, [the court] will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching."  Chantey Music Publishing, Inc. v. Malaco, Inc., 915 So. 2d 1052, 1055 (Miss. 2005).  Settlement agreements are enforced as a matter of contract law and "[c]ourts will not rewrite them to satisfy the desires of either party."  Id. at 1056.

The Fifth Circuit has long held that "'[c]ompromises of disputed claims are favored by the courts.'"  Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 391 (5th Cir. 1984)(quoting Cia Anon Venezolana de Navegacion v. Harris, 374 F.2d 33, 35 (5th Cir. 1967)); see also Hastings v. Guillot, 825 So. 2d 20, 24 (Miss. 2002).  "Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced."  Cia Anon, 374 F.2d at 35.  Consistent with these guiding principles under federal common law, "'a district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties.'"  Del Bosque v. AT&T Adver., L.P., 441 F. App'x 258, 260 (5th Cir. 2011)(quoting Bell v. Schexnayder, 36 F.3d 447, 449 (5th Cir. 1994)).

The Court has previously found that a settlement agreement was reached by the parties at the February 24, 2016, settlement conference, and memorialized in the February 25, 2016, Order of Dismissal.

There is no legitimate dispute concerning defendant Richardson's failure to pay the amounts due under the settlement agreement. Because Richardson has breached the agreement, the plaintiffs are entitled to enforcement of the settlement agreement, and entitled to recover their counsel fees and other costs and expenses incurred in enforcing the terms of the settlement agreement. Federal courts have inherent authority to award attorneys' fees. <u>In re Case</u>, 937 F.2d 1014, 1023 (5th Cir. 1991)(citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991)).

In their Memorandum Brief in support of their motion for attorneys' fees and expenses, the plaintiffs set forth the factors used to determine the reasonableness of attorneys' fees (see Mississippi Rule of Professional Conduct, 1.5), and address each of them as well as providing case law and supporting documentation. In conclusion, the plaintiffs request $5,000.00 as a reasonable attorneys' fee, $202.00 in costs, and post-judgment interest.

The Court finds that the motion is well-taken, and the defendant does not dispute the sums requested.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion for

attorneys' fees and expenses **(docket entry 22)** is GRANTED;

FURTHER ORDERED that the plaintiffs furnish the Court with a proposed Judgment in the amount of $25,000 for filing;

FURTHER ORDERED that plaintiffs incorporate in the proposed Judgment their reasonable attorneys' fees in the amount of $5,000.00, plus expenses in the amount of $202.00, together with the appropriate rate of post-judgment interest as provided by law.

SO ORDERED, this the 14th day of December, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE